THE STATE OF MISSOURI *ex rel.* JOHN C. MOORE,
Prosecuting Attorney, Appellant, v. T. P. EDEN
*et al.*, Respondents.

St. Louis Court of Appeals, April 25, 1893.

1. **Division of School District:** POSTING OF NOTICE OF PROPOSED.
DIVISION. Compliance with the statutory requirements for the post-
ing of notice for a proposed division of a school district is a condition
precedent to the validity of such division.

2. ———: ———: SUFFICIENCY OF NOTICE. The petitions for two
different proposed divisions of a school district, each signed by the
requisite number of qualified voters and then by the clerk of the
district in his official capacity, were attached to the clerk's notice of
the annual meeting, and this notice, among other things, stated that
the propositions embodied in these petitions would be submitted to
the voters at that meeting. *Held,* that, in determining the validity
of a division in accordance with one of these propositions, the two
petitions should be considered as a part of the notice.

3. ———: RECORD OF ANNUAL MEETING. While it is the better practice
for the clerk of a school district to enter upon the records of the dis-
trict an exact copy of the record of the annual meeting kept by the
secretary, inclusive of the signature of the chairman of that meet-
ing, his failure to do so will not, in the absence of any evidence
attacking the regularity of the proceedings, render his record inad-
missible in evidence.

4. ———: NOTICE FOR FIRST MEETINGS IN NEW DISTRICTS. It is not a
condition to the validity of the division of a school district that
notice for a first meeting in each of the new districts should be
posted in accordance with the provisions of section 7977 of the Revised
Statutes. The corporate existence of the new districts dates from
the meeting whereat they were substituted for the old district.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E.
TURNER, Judge.

AFFIRMED.

*John C. Moore* and *John D. Smoot*, for appellant.

(1) The notice of annual meeting introduced in evidence is insufficient to give the annual meeting jurisdiction to make the division of the district as it is alleged was made. *State ex rel. v. Young*, 84 Mo. 90; *Mason v. Kennedy*, 89 Mo. 22; *Perryman v. Bethune*, 89 Mo. 158; *Fluty v. School District*, 4 S. W. Rep. 278; *State ex rel. v. Riley*, 85 Mo. 156; Revised Statutes, 1889, secs. 7970, 7972, 7977, 7979, 8012; *School District v. School District*, 94 Mo. 612; *State v. Evans*, 83 Mo. 319; *Stamper v. Roberts*, 90 Mo. 683; *Whitney v. Platt Co.*, 73 Mo. 30; *Dougherty v. Brown*, 91 Mo. 26; *Railroad v. Young*, 96 Mo. 39. (2) The record of the annual meeting introduced in evidence is incompetent as a record, and insufficient to show a division of the district, or to operate as a division. *Maupin v. Franklin Co.*, 67 Mo. 327; *Johnson v. School District*, 67 Mo. 319; *Dougherty v. Brown*, 91 Mo. 26; *Railroad v. Young*, 96 Mo. 39; *Ellis v. Railroad*, 51 Mo. 200; *Jefferson Co. v. Cowan*, 54 Mo. 234; *Whitley v. Platt Co.*, 73 Mo. 30; *Zimmerman v. Snowden*, 88 Mo. 218; *Anderson v. Pemberton*, 89 Mo. 61; *Colvill v. Judy*, 73 Mo. 615; *Railroad v. Campbell*, 62 Mo. 585; *Fisher v. Davis*, 27 Mo. App. 321; *Blize v. Castlio*, 8 Mo. App. 290. (3) There was no proper or competent evidence of the organization of the new school districts offered or introduced. *Perryman v. Bethune*, 89 Mo. 158; *School District v. School District*, 94 Mo. 612; *Mason v. Kennedy*, 89 Mo. 23; *Whitney v. Platte Co.*, 73 Mo. 30; *Dougherty v. Brown*, 91 Mo. 26; *Railroad v. Young*, 96 Mo. 39; *Ellis v. Railroad*, 51 Mo. 200; *Jefferson Co. v. Cowan*, 54 Mo. 234; *Zimmerman v. Snowden*, 88 Mo. 218; *Anderson v. Pemberton*, 89 Mo. 61; *Colville v. Judy*, 73 Mo. 615; *Railroad v. Campbell*, 61 Mo. 585; Revised Statutes, secs. 7970, 7972, 7977, 7979, 8012, 8015.

*Mudd & Wagner*, for respondents.

BOND, J.—This is an information in the nature of a *quo warranto*, filed by the prosecuting attorney of Scotland county, to determine the validity of certain proceedings for the division of a certain school district into two new districts, and to inquire into the right of the persons exercising the offices of school directors in the two school districts formed by such division to hold and enjoy such offices and franchises. The relator on appeal from the judgment of the circuit court assigns three grounds of reversal: *First.* Insufficient notice of the annual meeting, when the division was had. *Second.* Insufficient record of the annual meeting to show a division. *Third.* No competent evidence of the organization of the new school districts.

As to the first assignment: Two petitions were addressed to the board of directors and the district clerk of the school district which it was therein proposed to divide, signed by the requisite number of qualified voters and describing in each petition the boundaries of the proposed division. The district clerk thereupon posted the following notices at the places required by law:

"Annual School Meeting.

"Notice is hereby given to the qualified voters of district number 2, township number 61, range 11, county of Scotland, state of Missouri, that the annual school meeting of said district will be held on Tuesday the seventh day of April, 1891, commencing at two o'clock P. M., and, among other things specified by law, the following will be proposed and considered:

"*First.* To choose by ballot one director. *Second.* To determine by ballot the length of school term. *Third.* To decide by ballot a proposition to divide tho

district as requested in petition. *Fourth*. To vote by ballot to raise $600 to enlarge and improve the schoolhouse now situated in the district. *Fifth*. To choose by ballot one road overseer for the above district. *Sixth. To vote by ballot to divide district on March 14, 1891, township line by petition number 2.*

"W. C. McManama, Clerk."

The italicized portion of the notice was added by the district clerk, and posted March 20, 1801.

Annexed to said notice below was a petition for division, dated March 14, 1891, proposing a plan of division with boundaries and signatures. as required by law. Tacked at the side of said notice was a petition for division undated, proposing the township line as a boundary, signed as required by law. Each of these petitions as thus annexed to said notice was signed, after setting out their respective contents and signatures of qualified voters thereto, as prescribed by law, by "W. C. McManama, clerk" of the old school district.

The evidence seems to indicate that the part of the foregoing notice not italicized and the subjoined petition were posted up on or about March 14, 1891. It further shows that all of said notices and both petitions were posted up and signed in their final state on or about March 20, 1891. As there is no dispute that such posting would have been sufficient in point of time, the only question on this assignment of error is whether such posting was sufficient in point of substance to warrant the subsequent division of the old school district into the new ones proposed in the aforesaid subjoined petition.

It is competent to divide school districts by the observance of certain statutory conditions. Revised Statutes, 1889, sec. 7972. One of these conditions, (and the one relevant to this assignment of error) is

that "it shall be the duty of the district clerk of each district affected, upon the reception of a petition desiring such change, and signed  *  *  *  to post a notice of such desired change in at least five public places in each district interested fifteen days prior to the time of the annual meeting; and the voters when assembled shall decide such question by a majority vote of those who vote upon such proposition."

We have no doubt that the statutory notice thus prescribed is mandatory and jurisdictional, and that a division of school districts made at an annual meeting not within the scope of an antecedent notice given for the time, and at the places, and in the manner fixed by law, is void. *School District v. School District*, 94 Mo. 612, 618; *Mason v. Kennedy*, 89 Mo. 23; *State ex rel. v. Young*, 84 Mo. 90. In the case of *School District v. School District, supra*, neither the petition nor the notices showed the change desired, "or of what territory the new district was to be composed." On these facts the court held: "These notices must necessarily be as comprehensive as the proposition to be voted on, and must inform the voter what change it is proposed to make in the boundaries of his district; this is the one thing that he is personally interested in knowing. *Mason v. Kennedy*, 89 Mo. 22. And unless the notice is such as to give this information, it is no notice at all. It is not sufficient that the voters be notified that at the annual meeting they will be called upon to vote upon the question whether or not *a* new district shall be formed, and *a* change made in the boundary lines of the old districts; they must be notified of *the* change proposed, of what territory the new district is to be composed, of what change is to be made in the boundaries of the old ones." The important question, therefore, is whether or not the record shows that these tests as to what a notice should contain were met by the

notices introduced in evidence. We are of opinion that the notice (if it be taken as comprehending the two petitions annexed below, and at its side, both of which were concluded by the signature of the clerk) complied with all the conditions prescribed by law for a valid notice of the contemplated formation at an annual election of two new school districts out of the territory of a former school district.

Nor do we understand appellants as controverting that each of the annexed petitions set forth in itself an explicit showing of all the averments which should be made in such cases; nor that said statements contained in such petition would be sufficient to authorize the annual meeting to take action, provided they had been set forth under distinct heads of the notice to which they were attached.

The proposition, therefore, is whether or not the notice with two petitions attached and the signature of the clerk both to the notice and the attached petitions was anything more than one paper in the eye of the law. We think a negative answer to this question is only putting a reasonable construction on the papers so attached together, and so signed by the officers whose duty it was to do the posting. Revised Statutes, 1889, sec. 8015. We are confirmed in this view from the fact that the actual appearance of the matter thus posted up bore evidence of its oneness, and necessarily acquainted any one reading it with its entire connection and dependence, by the recitals in the third and sixth specifications of the things to be considered at the annual meeting, that two propositions set forth in petitition number 1 and petition number 2 would be decided by ballot. It was impossible to read the specifications of the business to be considered at the annual meeting without reading these two items, and it was equally impossible not to be informed of the contents

of both the petitions without turning away from their inspection, since they were pasted and tacked to the notice and made a part thereof by the signature of the clerk. That in themselves they contain more than was necessary, if an abstract of their statement had been inserted in the form of a notice, is unquestioned. We therefore rule this point against appellant.

The second assignment of error is that the record of the annual meeting, whereat the division of the school district was voted, was insufficient, *first*, because the proceedings before record were not signed by the chairman; *second*, in not setting forth of record the posting of notices, and not showing by itself what was done.

When the record of *that* meeting was offered in evidence, the plaintiff objected to it on the ground that it does not purport to be the proceedings of the annual meeting *duly approved and attested by the signature of the chairman of the board*, and because it was not the best evidence. These objections were overruled, and the plaintiff excepted and still excepts. This objection rests upon a misconstruction of section 7979 of the Revised Statutes of 1889. That section provides that the annual meeting shall elect a chairman and *secretary*, who shall keep an accurate record of the proceedings of the meeting, which, when duly approved and attested by the signature of the chairman, the clerk shall enter upon the record of the district. The record offered in evidence was not the record of the proceedings of the annual meeting kept by its secretary, but the record was finally entered by the *clerk* of the district upon its books under the provisions of section 8012 of the Revised Statutes of 1889. That record recited that the proceedings of the annual meeting were read and approved, which, on the presumption of right acting, meant that they were approved in a lawful

manner. The statute does not require that the records of the *district* should be approved by the chairman of the board, nor does it require that the record of the proceedings of the annual meeting should be approved by the chairman of the *board*. The objection, therefore, was properly overruled. As the record evidence was sufficient to show that a vote was taken and resulted in the proposed division of the district by a vote of thirty-two to three, and the proceedings of the meeting were regular in other respects, the oral evidence admitted, tending to show that the proposed division was fully understood at the meeting and that the meeting was regular in all respects, was mere surplusage, and its admission could not constitute reversible error. We do not wish to be understood as holding that it is not the better practice for the district *clerk* in these cases to spread upon the record an identical copy of the proceedings of the annual meeting as he receives them from the *secretary* of that meeting, inclusive of the signature of the chairman of that meeting, but we do mean to say that his failure to do so cannot, in the absence of any evidence attacking the regularity of the proceedings, render the record inadmissible as evidence.

The third assignment of error is, that there was no proof that notices of the first meeting of the two new school districts was given as required by section 7977, *supra*. This section in effect prescribes that it shall be the duty of the voters (newly created districts) to assemble "within fifteen days *after the formation* thereof" at a point designated by notice, signed by two resident freeholders and posted in at least five public places, and such meeting "shall be invested with the same powers and be conducted as prescribed for the first annual district meeting" for school districts. This section does not condition the corporate existence of

the newly created districts upon a compliance with its regulations as to the calling of the meeting. It merely defines the steps to be taken in calling such a meeting, and the scope and power of the meeting after it is thus called. The case of *Perryman v. Bethune,* 89 Mo. 158, 162, cited by appellants, is an adjudication upon the necessity of notices provided for in a different section (7970). The section construed in that case relates to the steps to be taken to *create* a corporation; hence it was held, with reference to the notices required, that "proper notices given by qualified persons are conditions precedent to the *creation* of these corporations under the general law. Whether these conditions have been complied with is a proper subject of inquiry when the corporate existence is put in issue."

In the case at bar the records of the two newly created school districts show that each held a first meeting within the statutory time (fifteen days) after their formation; that each elected directors, determined the rate to be levied for school purposes and length of term; that they reported divisions and plat of each new district to the county court, and were designated by that body as numbers 6, 64, 11, and numbers 2, 64, 11, respectively; and that schools were conducted and expenses paid by each district, and one of the districts issued its bonds for a loan of $1,000 to build a school house.

On the twenty-sixth day of September, 1891, by and through the advice of the county court and the prosecuting attorney, the relator herein, and of the treasurer, a special meeting was called, and a warrant ordered and issued for $140 on the teachers' fund, and $29.58 on the incidental fund in favor of new district number 6, being its just part of moneys belonging to the old original district number 2, which was divided at last annual meeting. The state had appor-

tioned and paid to each of said new districts the public money to which the enumeration entitled them. The enumeration of new district number 2 was 62, and the valuation thereof $39,900, and the enumeration of number 6 was 48 and the valuation $41,860.

Appellant does not deny these facts, showing that the two newly created districts are beneficently at work, but he claims that because there was not preliminary proof that notices of the first meetings of these districts had been given (Revised Statutes, 1889, sec. 7977), therefore, the subsequent records of such meetings are inadmissible in evidence. We cannot sustain this theory. We may concede that such notice was proper for the calling of the first meeting (and in the records of the meeting held by district number 2, 64, 11, is an affirmative showing that the notices were given); still there is no warrant for the contention that the records of such meetings are not evidence of what was done thereat. The binding force or legal efficacy of the transactions at a meeting held without notice is one thing, and the proof of the actual proceedings of such meetings is another thing. The competency of this evidence is not affected by want of notice, which merely goes to the legal effect of the meeting. Again, the corporate existence of these two districts was not evidenced from their first meetings, but dates back to prior meetings wherein they were substituted for the old school district. The language of the statute is, that, after the voting for division, the "district shall be deemed formed." Revised Statutes, 1889, sec. 7972.

In this case the corporate existence and organization of these two school districts has been recognized by the state in disbursing its public money for educational purposes. There was a pressing necessity for their organization, owing to the number of children

and the want of room for them in the existing school-house. They have been of great advantage to the people of Scotland county for two years, and no complaint is made of the faithfulness or fitness of respondents in the discharge of their trust. We are not, therefore, inclined on account of the irregularities set forth to disturb the judgment of the trial court. It is, therefore, affirmed. All the judges concur.