THE STATE ex rel. J. L. FRY et al., Directors of Consolidated School District, v. CHARLES A. LEE, State Superintendent of Public Schools.

### Division One, May 24, 1926.

1. **MANDAMUS: Issues: Petition and Demurrer.** Where the record upon which a mandamus suit is submitted consists of the relator's petition and the respondent's demurrer thereto, all facts well pleaded in the petition are taken as true and as admitted to be true.

2. **SCHOOLS: Consolidated District: Judicial Discretion.** The power conferred upon the county superintendent of schools by the statute (Laws 1921, p. 654) to determine and locate the boundary lines of a proposed consolidated school district calls for the exercise of a judicial, or a quasi-judicial, discretion and function, rather than the exercise of a merely ministerial duty.

3. ——: ——: ——: **Conflict: Comity.** In the exercise of a judicial function or duty by two county superintendents of coordinate jurisdiction, the one which first acquires jurisdiction of the subject-matter retains jurisdiction until the matter in controversy is settled, and the other will not be permitted to interfere or thwart action.

State ex rel. Fry v. Lee.

4. ———: ———: County Superintendents: Conflict of Jurisdiction: Priority. Where a petition for the formation of a consolidated school district was filed with the county superintendent of the county in which a majority of the petitioners resided, and he visited the community, investigated its needs and determined the exact boundaries of the proposed district, which included territory in his own and an adjoining county, he thereupon became vested with jurisdiction over the subject-matter; and if he promptly prepared the requisite statutory notices and plats and presented them to the superintendent of the adjoining county for his approval and signature, and said superintendent refused to sign them, and an appeal was taken to the state superintendent, the decision of the state superintendent approving the district as thus marked out became final; and the superintendent of the county to whom said notices and plats were presented and who refused to sign them could not interfere or thwart the act of the superintendent who had initiated the movement, by later posting notices and plats, based upon a later petition, of an election to organize a consolidated school district to be composed of territory wholly within his county, although said election was held before the one named in the notices of the county superintendent with whom the requisite petition was first filed.

5. ———: ———: Territory in Two Counties: Usurpation and Interference. A petition for the formation of a consolidated school district was presented to the County Superintendent of Camden County, in which a majority of the petitioners resided. He visited the community, investigated its needs, and marked out a district whose boundaries included, besides one in Camden County, three common school districts in Laclede County, and prepared notices and plats and presented them to the County Superintendent of Laclede County, who refused to sign them. Thereupon the Superintendent of Camden County appealed to the State Superintendent of Public Schools, who heard the appeal, and duly signed the plats and notices, and they were on the same day posted. Previously on the same day, a petition was presented to the County Superintendent of Laclede County for the formation of a consolidated school district, and he visited the community, investigated its needs and marked out a district within whose boundaries were included two of the three common school districts in Laclede County which had been included in the proposed boundaries of the consolidated district outlined by the Superintendent of Camden County, and on the same day he prepared plats and notices for an election to be held one day before the election called by the other notices was to be held, and posted them a few hours before the notices and plats signed by the Superintendent of Camden County or the State Super-

intendent were posted. Elections were held in both proposed con-
solidated districts on the days designated, and a majority of the
voters in each voted for organization. *Held*, that the acts of the
Superintendent of Laclede County was a usurpation of authority,
and an unwarranted interference with the jurisdiction previously
acquired by the Superintendent of Camden County, and the con-
solidated school district organized with the, boundaries marked out
by the Superintendent of Camden County was the only legally
organized district, and there should be paid to said district the pro-
portion of the state school moneys to which the children in the
former three common school districts in Laclede County are en-
titled. .

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 2681,
p. 747, n. 32. **Courts,** 15 C. J., Section 583, p. 1134, n. 58, 59; p. 1136, n.
60. **Schools and School Districts,** 35 Cyc., p. 834, n. 92.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Wm. C. Irwin* and *Barney Reed* for relators.

(1) Jurisdiction to visit the community of Stoutland
and investigate the needs of the community and to deter-
mine the exact boundaries of a proposed consolidated
school district was acquired by the Superintendent of
Public Schools of Camden County, on receipt of a pe-
tition of more than twenty-five qualified voters of that
community, a majority of whom resided in Camden Coun-
ty. Laws 1921, p. 654, sec. 11259. The filing of the petition,
the visiting of the community and the describing of
boundaries for the district were necessary steps in the
formation of the district, and these steps having been
taken by a qualified officer authorized by law to perform
that function, vested exclusive jurisdiction in that offi-
cer over the territory so marked out and defined, sub-
ject alone to the power of the Laclede County commis-
sioner to approve or disapprove the plats and notices, and
when an appeal was taken from the decision of the Sup-
erintendent of Public Schools of Laclede County to the

Superintendent of the State, the appeal operated to rob the Superintendent of Laclede County of the jurisdiction over that question and vest it in the State Superintendent whose decision became final and binding upon both parties, and the act of the State Superintendent in signing the plats and notices was in fact the act of the Superintendent of Laclede County, having performed for him that which he should have performed in the first instance. Laws 1921, sec. 11259. (2) "The test of jurisdiction is whether the tribunal had power to enter upon the inquiry, not whether its methods were legal, its findings right or its conclusions in accordance with the law." Johnson v. Miller, 50 Ill. App. 60. (3) The power conferred by statute upon the County Superintendent of Public Schools to lay out and designate the lines of a consolidated school district is not merely ministerial, but involves the exercise of a judicial function. (4) Whenever a court or tribunal of competent jurisdiction has assumed jurisdiction over the subject-matter it retains that jurisdiction to the end as against another court or tribunal of coordinate jurisdiction. State ex rel. v. Reynolds, 209 Mo. 161; Grey v. Independent Order of Forresters, 196 S. W. 779. (5) Jurisdiction is the power to hear and determine a cause. 11 Cyc. 659.

*North T. Gentry,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

The jurisdictional act in the formation of a consolidated school district is the posting of notices and plats. State ex rel. Moore v. Eden, 54 Mo. App. 35; School Dist. No. 1 v. School Dist. No. 4, 94 Mo. 618; State ex rel. v. Young, 84 Mo. 94; State ex inf. v. Smith, 271 Mo. 175.

SEDDON, C.—This is an original proceeding in mandamus instituted in this court by relators, the directors of Consolidated School District No. 2 of Camden County, to compel the respondent, the State Superintendent of Public Schools, to apportion and set over to Camden County, to the use and benefit of said Consolidated School

District No. 2 of Camden County, its share of the public school fund, as provided by law.

The record upon which the proceeding is submitted to this court consists of relators' petition and respondent's demurrer thereto. Inasmuch as all facts well pleaded in the petition are to be taken as true and admitted by respondent's demurrer, we will include herein the salient allegations of those pleadings. The petition, omitting all formal and introductory allegations, is as follows:

"3. Relators say that on the 23rd of May, 1925, the citizens in the common school district of Stoutland, Camden County, Missouri, desiring to form a consolidated school district, in accordance with the provisions of the laws of the State of Missouri, did file with the County Superintendent of Public Schools of Camden County, Missouri, a petition containing the names of more than twenty-five resident citizens of said community, praying for the establishment of a consolidated school district in said community of Stoutland, Camden County, Missouri, and praying that said Commissioner of Public Schools of Camden County, Missouri, visit said community and investigate the needs of the community and locate and mark out a proposed consolidated school district in said community; that a majority of said petitioners signing said petition were residents and citizens of Camden County, Missouri; that the said town of Stoutland, Camden County, Missouri, contains a population of about four hundred people and is situated on the line between Camden County and Laclede County, a portion of said town being in Laclede County and a portion thereof being in Camden County; that said commissioner did on the 23rd day of May, 1925, receive and file said petition, and forthwith thereafter the County Superintendent of said Camden County did visit said community, investigate the needs of said community for a consolidated school district and did mark out and establish the boundaries thereof, having due regard for the welfare of adjoining districts; that because of the proximity of the town of Stoutland to the county line

of Laclede County the county superintendent was of the opinion that in order to form the best possible consolidation for said community petitioning therefor it was necessary to take into said consolidated district Common School Districts Nos. 13, 14 and 15, lying, being and situate in Laclede County, Missouri, and being adjacent to the town of Stoutland, Camden County, Missouri; that he thereupon and immediately marked out said Consolidated School District No. 2 of Camden County, Missouri, by including within its territory Districts Nos. 13, 14 and 15 of Laclede County, Missouri, as well as District No. 84, being the village district of Stoutland, Missouri, and composed of District No. 84 in Camden County and District No. 11 of Laclede County, Missouri, and also districts Nos. 82 and 85 of Camden County, Missouri; that all of said districts comprised, within their borders, two hundred and ninety-eight children of school age; that said proposed consolidated school district did not contain any city, town or village within its boundaries having two hundred children of school age, as shown by the last census thereof; that upon the preparation of said plats the County Superintendent of Camden County presented to the County Superintendent of Public Schools of Laclede County five plats showing the location of and the boundaries to said proposed consolidated school district and requested the County Superintendent of Public Schools of Laclede County to approve and sign said plats; and at the same time the County Superintendent of Public Schools of Camden County presented to the County Superintendent of Public Schools of Laclede County ten notices of election, giving the time, place and purpose of the meeting to be called to vote for or against the organization of said Consolidated School District No. 2; that said presentation and request so made by the County Superintendent of Public Schools of Camden County upon the County Superintendent of Public Schools of Laclede County, and the presentation of said notices and plats for his signature thereto, was made on the 2nd day of June, 1925, and thereupon on and at that

time said County Superintendent of Public Schools of Laclede County, Missouri, refused to sign said plats and notices, and thereupon and immediately the County Superintendent of Public Schools of Camden County, Missouri, appealed from the ruling and decision of the County Superintendent of Public Schools of Laclede County to the State Superintendent of Public Schools, as provided by Section 11259, Revised Statutes 1919, as amended by the Laws of 1921; that on the 3rd day of June, 1925, the State Superintendent of Public Schools heard and considered said appeal and being fully advised in the premises did find in favor of the appellant, and thereupon duly approved and signed said plats and notices for the County Superintendent of Public Schools of Laclede County, Missouri; that on the said 3rd day of June, 1925, and in the afternoon of said day, said ten notices and five plats, duly verified in accordance with the law in such cases made and provided, were posted in public places within said proposed consolidated school district; that said notices so signed and posted called for a meeting of the voters of said proposed consolidated school district to meet at Stoutland, Camden County, Missouri, on the 19th day of June, 1925, and that said notices and plats were posted in conspicuous public places for more than fifteen days prior to the day upon which said meeting was called; that thereafter and at two o'clock on the said 19th day of June, 1925, the voters of said proposed consolidated school district, including the inhabitants of Districts Nos. 13, 14 and 15 of Laclede County, Missouri, met at the place designated in said notices and at said time and place the County Superintendent of Public Schools of Camden County was present in person and had there with him a copy of the plat of said proposed consolidated school district and called said meeting to order and presented said plat to said meeting; that thereupon the meeting proceeded to elect a chairman and secretary and proceeded in all things in accordance with the provisions of Section 11237, Revised Statutes 1919, to vote for or against the organiza-

tion of said consolidated school district; that the voters
present at said meeting thereupon proceeded to vote in
accordance with the provisions of Section 11237, Revised
Statutes 1919, and that at said meeting two hundred and
twenty-five qualified voters voted for organization and
one hundred and seventy-four qualified voters voted
against said organization; that thereupon the chairman
of said meeting declared that said consolidated school
district had been duly formed, and thereafter these re-
lators were duly elected as directors of said consolidated
school district, and that a minute of all the proceedings
relating to said meeting was made out and duly verified,
and was on the 20th day of June, 1925, filed in the office
of the County Clerk of Camden County, Missouri, and
in the office of the County Clerk of Laclede County, Mis-
souri; that previous thereto, that is to say, on the 4th
day of June, 1925, the County Superintendent of Public
Schools of Camden County filed in the office of the county
clerk of each of said counties a copy of the petition, to-
gether with a copy of the plat of said proposed consoli-
dated district and the notice of the time, place and pur-
pose of said meeting which had theretofore been posted
by him.

"4.  Relators further say that after the citizens of
the community of Stoutland, Missouri, had petitioned
for the establishment of a consolidated school district in
that community, and after the County Superintendent of
Public Schools of Camden County, Missouri, had deter-
mined that a majority of said petitioners resided in
Camden County, and after he assumed jurisdiction over
said consolidated school district and community, and
after he had visited said community in person, marked
out and located said consolidated school district, includ-
ing the territory comprised of Districts Nos. 13, 14 and
15 of Laclede County, Missouri, and after the Superin-
tendent of Public Schools of Camden County, Missouri,
presented to the Superintendent of Public Schools of La-
clede County, Missouri, the notices and plats required
by law and requested his signature thereto, and after

appeal from his decision had been taken to the State Superintendent of Public Schools of the State of Missouri, and while said appeal was pending, said Superintendent of Public Schools of Laclede County, Missouri, undertook to acquire jurisdiction over said territory situated in Laclede County, Missouri, within Districts Nos. 13, 14 and 15, and did cause a petition to be circulated and filed with him for the consolidated school district at Ware, Missouri, which is a county school house located in Laclede County, Missouri; that thereafter and while said appeal was pending before the State Superintendent of Public Schools the said County Superintendent of Public Schools of Laclede County, Missouri, marked out a proposed consolidated school district to be known as Consolidated School District No. — of Laclede County, Missouri, which said proposed consolidated school district in Laclede County, Missouri, included common school districts Nos. 13 and 14 situated in Laclede County, Missouri, which said districts had theretofore been included in the proposed Consolidated School District No. 2 of Camden County, Missouri; that said County Superintendent of Public Schools of Laclede County, Missouri, did on the forenoon of June 3, 1925, cause plats and notices to be posted for the information of said consolidated school district at Ware, Laclede County, Missouri, and the said County Superintendent of Public Schools of Laclede County, well knowing that an election had been called to vote upon the consolidated school district in Camden County on the 19th day of June, 1925, and well knowing that an appeal had been taken to the State Superintendent of Public Schools with respect to the territorial boundaries of Consolidated School District No. 2 of Camden County, Missouri, called said meeting to vote upon the establishment of said consolidated school district at Ware, Missouri, on the 18th day of June, 1925, or the day previous to the date fixed by the State Superintendent of Public Schools and the County Superintendent of Public Schools of Camden County, Missouri, for the meeting to be held at Stout-

land, Missouri, for the purpose of voting for the consolidation of Camden County District No. 2; that said meeting was held at the school house at Ware, Missouri, in Ware District, Laclede County, and that at said meeting Virgil Evans was elected chairman of said meeting and C. W. Oliver was elected secretary of said meeting; that said meeting met at two o'clock on the said 18th day of June, 1925, and thereupon the chairman of said meeting announced that all persons desiring to vote should advance in front of the chairman and deposit their ballots in a box prepared for that purpose, and that the secretary of said meeting wrote down the names of all persons voting at said meeting and numbered the ballots thereof corresponding with the names of the persons so voting; that about two hours was consumed in said voting and thereafter the speaker announced that he was about to close the ballot and if any persons present desired to vote they should do so before the closing of the ballot; that said announcement was made three successive times, and that thereupon the chairman declared said voting closed and thereafter tellers were appointed to cast up the ballot; that upon casting up said ballot about one hour of time was consumed, and at the conclusion thereof it was found that the same number of votes had been cast for organization as had been cast against organization, and thereupon the announcement was made that the vote upon the proposition was a tie; that thereafter and after said ballot had been closed and all ballots had been counted and the result thereof had been announced by the chair four persons were allowed to vote in favor of consolidation; that on or about the 22nd day of June, 1925, the proceedings of said meeting, setting out the facts as herein disclosed and pleaded, duly verified by the chairman and secretary of said meeting, was transmitted to the County Clerk of Laclede County, Missouri, and by him filed three days subsequent to the time that the County Superintendent of Public Schools of Camden County had filed with said clerk the proceed-

ings of the meeting held at Stoutland on the 19th day of June, 1925.

"Your petitioners say that the pretended organization of a consolidated school district, herein referred to as the Ware Consolidated School District No. ——— of Laclede County, Missouri, and including therein a portion of the territory, to-wit, School Districts Nos. 13 and 14 of Laclede County, Missouri, and lying adjacent to and in close proximity to the town of Stoutland, Missouri, was not done in good faith, but for the sole purpose of hindering and defeating the establishment of a consolidated school district at Stoutland, Missouri, including the adjacent territory comprising said districts situated in Laclede County, Missouri; that said proceedings done and carried out by the County Superintendent of Laclede County, Missouri, was begun and continued after the County Superintendent of Public Schools of Camden County, Missouri, had acquired jurisdiction over said territory, and had marked out and platted said districts as a part of the district known as Consolidated School District No. 2, and all of said proceedings relating to the establishment of the pretended consolidated school district at Ware, Laclede County, Missouri, were null and void and of no effect, and the County Superintendent of Public Schools of Laclede County, Missouri, had and acquired no jurisdiction whatever over the territory comprising Districts Nos. 13 and 14, which had already been marked out, platted and designated as proposed Consolidated School District No. 2 of Camden County, Missouri, but that the jurisdiction over said territory had been acquired and maintained by the Superintendent of Public Schools of Camden County, Missouri, until such time as the voters of said district should vote for or against the organization of said district, within the boundaries so established and laid out by the Superintendent of Public Schools of Camden County, Missouri.

"5. Relators say that heretofore and within the time required by law they have made out an enumeration of the children of school age within Consolidated

School District No. 2 of Camden County, Missouri, and done all things necessary and incident thereto as required by law, and have filed the same with the County Clerk of Camden County, Missouri, and the County Clerk of Camden County, Missouri, has certified the whole number of children of school age within said county, including the children within Districts Nos. 13, 14 and 15 in Laclede County, Missouri, to the State Superintendent of Public Schools of the State of Missouri as a basis for the distribution of the funds to said county, and through said county to said Consolidated School District No. 2 of Camden County, Missouri, for the purpose of supporting in part said public school for the year of 1925 and the year of 1926; and likewise the County Superintendent of Public Schools of Laclede County, Missouri, has made out and certified to the County Clerk of Laclede County, Missouri, as required by law, the number of children of school age in the respective school districts and consolidated school districts within Laclede County, Missouri, and the County Clerk of Laclede County, Missouri, has certified the same to the State Superintendent of Public Schools of the State of Missouri for apportionment of the public school moneys to Laclede County, Missouri, and wrongfully and unlawfully included therein the enumeration of children of school age within Districts Nos. 13 and 14 of Laclede County, Missouri.

"6.   Your relators further say that it is the duty of the State Superintendent of Public Schools of the State of Missouri to apportion said public funds of the State of Missouri to Camden County, Missouri, upon the basis of the lawful establishment of Consolidated School District No. 2, including the territory comprised within the boundaries of Districts Nos. 13, 14 and 15 of Laclede County, Missouri, and to refuse to apportion any part of said public funds of the State of Missouri to Laclede County, Missouri, on account of the pretended organization of the Ware Consolidated School District in said county; that said superintendent threatens to and is now about to apportion said funds to Ware Consolidated

School District in Laclede County, Missouri, and to fail to apportion any part of the said public funds to Consolidated School District No. 2 in Camden County, Missouri, and that if said State Superintendent of Public Schools does proceed to apportion said funds in that manner Consolidated School District No. 2 will suffer irreparable injury and will be unable to maintain a public school within said district, and will be permanently deprived of the revenue accorded to them by the laws of the State of Missouri, and appropriated for that purpose by the General Assembly of the State of Missouri; and that they have no other adequate remedy at law.''

Respondent's demurrer is as follows:

''Now comes the above-named respondent, Charles A. Lee, State Superintendent of Public Schools, and demurs to the petition herein and says that the same does not state facts sufficient to constitute a cause of action against this respondent in said cause, for the following reasons, to-wit:

'' That it appears by said petition that relators acquired no jurisdiction in its pretended attempt to organize Consolidated School District No. 2 of Camden County, Missouri, since there was filed with the Superintendent of Public Schools of Laclede County, Missouri, a petition asking for the formation of a consolidated school district at Ware, Laclede County, Missouri, and that thereafter said superintendent marked out said proposed Consolidated School District No. —— of Laclede County, Missouri, including therein Common School Districts Nos. 13 and 14, situated in said Laclede County, which districts had been included in the pretended Consolidated School District No. 2 of Camden County, Missouri; that thereafter, to-wit, on the forenoon of the third day of June, 1925, said Superintendent of Public Schools of Laclede County caused to be duly posted notices and plats calling for a special meeting of the qualified voters of said proposed consolidated school district on the 18th day of June, 1925, not less than fifteen days subsequent to said notice; that pursuant to said notice a meeting of the

qualified voters of the proposed district was held at
Ware, Laclede County, Missouri, commencing at two
o'clock P. M., June 18, 1925, when and where a majority
of the qualified voters present cast their ballots in favor
of consolidation; that thereafter, on June 22, 1925, the
proceedings of said meeting were duly verified by the
chairman and secretary thereof and transmitted to the
County Clerk of Laclede County, Missouri; while it ap-
pears by the petition here that the notices and plats
posted by the Superintendent of Public Schools of Cam-
den County, Missouri, were not posted until the after-
noon of the third day of June, 1925, subsequent to the
time of the posting of notices and plats by the Superin-
tendent of Public Schools of Laclede County, Missouri,
and thus failed to acquire jurisdiction of the territory
embraced within Common School Districts Nos. 13 and
14 situate in Laclede County, Missouri, as aforesaid.

"Wherefore, for the foregoing reason, respondent
prays the court for an order quashing the alternative
writ heretofore issued in this cause."

As will be observed from the foregoing pleadings,
the proceeding involves a conflict of jurisdiction. The
sole question of law herein presented is whether the
Superintendent of Public Schools of Camden County first
acquired jurisdiction of the subject-matter, or whether
jurisdiction was first acquired by the Superintendent of
Public Schools of Laclede County. The solution of that
question lies in our construction of the statute of this
State which prescribes the procedure for the formation
of a consolidated school district. That statute (Sec.
11259, R. S. 1919, as amended by the Legislature in 1921,
Laws 1921, p. 654) is as follows:

"When the resident citizens of any community de-
sire to form a consolidated district, a petition signed by
at least twenty-five qualified voters of said community
shall be filed with the county superintendent of public
schools. On receipt of said petition, it shall be the duty
of the county superintendent to visit said community and
investigate the needs of the community and determine

the exact boundaries of the proposed consolidated district. In determining these boundaries, he shall so locate the boundary lines as will in his judgment form the best possible consolidated district, having due regard also to the welfare of adjoining districts. The county superintendent of schools shall call a special meeting of all the qualified voters of the proposed consolidated district for considering the question of consolidation. He shall make this call by posting within the proposed district ten notices in public places, stating the place, time and purpose of such meeting. At least fifteen days' notice shall be given and the meeting shall commence at two o'clock P. M. on the date set. The county superintendent shall also post within said proposed district five plats of the proposed consolidated district at least fifteen days prior to the date of the special meeting. The plats and notices shall be posted within thirty days after the filing of the petition. The county superintendent shall file a copy of the petition and of the plat with the county clerk and shall send or take one plat to the special meeting. The special meeting shall be called to order by the county superintendent of schools or someone deputized by him to call said meeting to order. The meeting shall then elect a chairman and a secretary and proceed in accordance with Section 11237, Revised Statutes of Missouri, 1919. The proceedings of this meeting shall be certified by the chairman and the secretary to the county clerk or clerks and also to the county superintendent of schools of all the counties affected. If the proposed consolidated district includes territory lying in two or more counties, the petition herein provided for shall be filed with the county superintendent of that county in which the majority of the petitioners reside. The county superintendent shall proceed as above set forth and in addition shall file a copy of the petition and of the plat with the county clerk of each county from which territory is proposed to be taken: Provided, that all plats and notices posted as required in this section shall not be filed or posted unless approved and signed by the county superintendent of

all counties in which any part of such proposed district shall lie. Provided further, that should any county superintendent fail or refuse to sign all plats and notices as required in this section, the case may be appealed to the state superintendent by any other county superintendent interested and the decision of the state superintendent shall be final.''

It seems to be conceded by respondent, and the allegations of the petition admitted by the demurrer so show, that all of the procedural steps prescribed by the foregoing statute were taken in the formation of Consolidated School District No. 2 of Camden County. Relators and respondent apparently differ only upon the single question: What is the first *jurisdictional* act or step under the statute in the formation of a consolidated school district?

Relators contend that the first *jurisdictional* act under the statute is the filing with the county superintendent of public schools of a petition signed by at least twenty-five qualified voters of the community. Respondent, on the other hand, contends that the first *jurisdictional* act under the statute is the posting, by the county superintendent, of the plats and notices required by the statute.

Diligent counsel for the respective parties have cited no decision of any appellate court of this State bearing upon the precise question which now confronts us, and our own research fails to discover any such ruling or decision. Apparently, the matter is one of first impression in this State. Respondent, however, relies upon State ex rel. Moore v. Eden, 54 Mo. App. 31; School' District No. 1 v. School District No. 4, 94 Mo. 612; State ex inf. v. Smith, 271 Mo. 168, and State ex rel. v. Young, 84 Mo. 90, as being highly persuasive in the solution and determination of the precise question now before us.

State ex rel. Moore v. Eden, supra, was a proceeding in the nature of a *quo warranto* to determine the validity of certain proceedings for the division of a school district into two new districts, and to inquire into the right and

authority of the persons exercising the offices of school directors, respectively, in the two newly created districts to hold and enjoy said offices. The primary question ruled in that proceeding was the sufficiency of the posted notice of the annual meeting at which the division of the single school district was had. In ruling the primary question before the court, the St. Louis Court of Appeals said: "It is competent to divide school districts by the observance of certain statutory conditions. . . . We have no doubt that the statutory notice thus prescribed is mandatory and jurisdictional, and that a division of school districts made at an annual meeting not within the scope of an antecedent notice given for the time, and at the places, and in the manner fixed by law, is void." (Citing authorities.)

School District No. 1 v. School District No. 4, supra, was a proceeding in mandamus which involved the validity of proceedings relating to the re-organization of certain school districts in Cass County. Likewise, the primary question ruled by this court in that case was the sufficiency of the posted notice and it was ruled that the posting of the notice is a jurisdictional act under the statute, and, therefore, the statutory requirements as to the posting of the notice and the information to be contained therein must be fully complied with.

State ex inf. v. Smith, supra, was a proceeding by *quo warranto* to oust defendants from the offices of directors of a school district in Platte County. The proceeding involved the validity of the organization of a consolidated school district, and again the primary question before this court was the sufficiency of the posted notice of the meeting and election. It was again ruled by this court, in effect, that the posting of notice of the meeting and election is a jurisdictional act under the statute and that "therefore, unless the notice is given, as required by statute, which will cause the voters to investigate the matter, the election would be void."

While, in each of the foregoing cases to which we have adverted, it was ruled that the giving and posting

of the statutory notice of the meeting and election is a jurisdictional act, none of those cases involved the question of a conflict of jurisdiction, which, as we have said, is the real issue in the instant proceeding.

State ex rel. v. Young, supra, chiefly relied upon by respondent in support of his contention, was a mandamus proceeding, instituted by the directors of a school district in Cole County against the county commissioner of schools, to vacate an order or decision made by him relative to the formation of a new school district and a change of boundary lines of an existing district. The statute then in force, relating to the formation of new school districts, made it the duty of the directors of the districts affected, upon the filing of a petition signed by ten qualified voters residing in either of the districts affected, requesting a change in boundary lines or the formation of a new district, to post a notice thereof in each district interested twenty days prior to the time of the annual meeting. If a part of the districts affected voted in favor of, and a part against, such change, the matter was referable to the county school commissioner for decision, which decision was final and conclusive when transmitted to, and entered upon the records of, the various districts. It was alleged that the county school commissioner had no jurisdiction to make a decision in the matter for the reason that the petition, upon which the directors of the respective districts acted in posting notices of the proposed change to the voters, was not signed by ten qualified voters, as the statute required; that, therefore, the elections held in pursuance of such notices were void. In ruling the question then before this court, the learned writer of that opinion, speaking for the court, said: ''I am inclined to think that the relators are wrong in respect to the supposed jurisdictional fact. The section makes it *the duty* of the directors *to act,* when ten qualified voters request them to do so, but it does not assume to *prohibit* them from *acting of their own motion* when the interests of the district, in their judgment, call for action. Their action terminates by posting a proposition

for a change. The proposition so posted by them is the warrant of authority for the vote at the annual meeting, and not the preliminary request of the ten voters to submit the matter to a vote. If the preliminary request should be regarded in the nature of a jurisdictional fact, it is a fact which seems to be left to the directors to decide. It is for them to say that the petitioners are qualified voters; and when they have practically so declared by posting the proposition, I do not perceive how their decision can be successfully attacked in any collateral proceeding or by mandamus of the courts." (Italics ours.)

As we read the last-mentioned case, while this court therein ruled that the statute involved did not assume to *prohibit* the school directors from *acting of their own motion,* without the filing, by ten qualified voters of the district, of a petition requesting such action, nevertheless, the court in substance recognized the fact that the statute made it the *duty* of the school directors *to act* in the premises upon the filing of a proper petition calling for such action upon their part; in other words, this court inferentially, at least, considered and viewed the filing of a proper petition as *a* jurisdictional act calling for the judgment and decision of the directors upon the sufficiency of the petition so filed. Consequently, in our opinion, the cases cited by respondent in no sense negative the contention of relators herein.

The statute (Sec. 11259, R. S. 1919) prescribing the procedure for the formation of a consolidated school district was amended in 1921 (Laws 1921, p. 654) by adding thereto the following proviso: "Provided further, that should any county superintendent fail or refuse to sign all plats and notices as required in this section, the case may be appealed to the state superintendent by any other county superintendent interested and the decision of the state superintendent shall be final." The amendatory act of 1921 furthermore carried with it an emergency section by which the act was made effective immediately upon its passage and approval.

Prior to the amendment of 1921, the statute in question designated no official or tribunal whose judgment shall be final and conclusive in the event of a conflict of jurisdiction, should such conflict arise between the Superintendents of Public Schools of the two or more counties in which the territory of the proposed consolidated district might lie. It was possible, therefore, under the statute before its amendment in 1921, for any county superintendent, if the proposed consolidated district included territory lying in two or more counties, to block the proceedings for the formation of such consolidated district, and thereby render ineffectual and lifeless the requirements of the statute, by simply refusing to approve and sign the plats and notices required to be signed and posted under the provisions of the statute. It is clear to our minds that the amendatory act of 1921 was enacted to remedy this anomalous situation. That such was the purpose of the amendatory act is made clearly evident by the language of the added proviso and the emergency section of the amendatory act. In other words, the statute was wisely amended by our General Assembly to avert the very situation which now confronts us in the instant proceeding.

Analyzing the statute as amended, we find that it makes it the duty of a County Superintendent of Public Schools, upon the filing with him of a petition signed by at least twenty-five qualified voters of any community, to visit said community, investigate the needs thereof, and determine and locate the exact boundaries of the proposed consolidated district, having due regard to the welfare of adjoining districts. If the proposed consolidated district includes territory lying in two or more counties, the petition must be filed with the county superintendent of that county in which the majority of the petitioners reside, whereupon that county superintendent must call a special meeting of all the qualified voters of the proposed consolidated district for consideration of the question of consolidation, making the call by posting within the proposed district ten notices in public places,

stating the place, time and purpose of such meeting, and by also posting within the proposed district five plats of the proposed district. The notices and plats must be posted at least fifteen days prior to the date of the special meeting and within thirty days after the filing of the petition. The plats and notices shall not be filed or posted unless approved and signed by the county superintendents of all counties in which any part of such proposed district shall lie. However, should any county superintendent fail or refuse to sign all plats and notices as required by the statute, then the case may be appealed to the state superintendent by any other county superintendent interested, and the decision of the state superintendent shall be final.

In our opinion, the power conferred by the foregoing statute upon the County Superintendent of Public Schools to determine and locate the boundary lines of a proposed district calls for the exercise of a judicial, or a *quasi*-judicial, discretion and function, rather than the exercise of a merely ministerial duty. [State ex rel. v. Wright, 270 Mo. 376.] This is evident from the language of the statute, which provides that, "in determining these boundaries, he shall so locate the boundary lines as will *in his judgment* form the best possible consolidated district, having due regard also to the welfare of adjoining districts." In matters calling for the exercise of a judicial function or duty by two or more tribunals of co-ordinate jurisdiction, it is a well-settled principle of law that the tribunal which first acquires jurisdiction of the subject-matter retains jurisdiction until the determination of the matter in controversy, and no tribunal of co-ordinate power will be permitted to interfere with, or thwart, its action. [15 C. J. 1134.] This rule or principle rests upon comity and is a reasonable and necessary one, because any other rule would lead to confusion and perpetual collision, and would be productive of calamitous results and ofttimes a gross miscarriage of justice. The rule has been recognized and applied by this court,

in Banc, in State ex rel. v. Reynolds, 209 Mo. 161, and State ex rel. v. Holtcamp, 266 Mo. 347.

Under the admitted facts, as disclosed by the pleadings herein, the requisite petition for the formation of a consolidated school district was filed with the Superintendent of Public Schools of Camden County on May 23, 1925, a majority of the petitioners residing in Camden County. Under the statute, it thereupon *became the duty* of the Superintendent of Public Schools of that county to visit the community, investigate its needs, and to determine and so locate the boundary lines of the proposed district as would in his judgment form the best possible consolidated district, having due regard to the welfare of adjoining districts. Immediately upon the filing of the petition, jurisdiction over the subject-matter of the proceeding was acquired by, and vested in, the Superintendent of Public Schools of Camden County, and such jurisdiction remained in him until the question of the formation of the proposed consolidated district was determined by the qualified voters of the proposed district at the special meeting called by him for the consideration of that question. The jurisdiction of the subject-matter, first acquired by the Superintendent of Public Schools of Camden County on May 23, 1925, could not be thwarted by the subsequent refusal, on June 2, 1925, of the Superintendent of Public Schools of Laclede County to sign and approve the notices and plats calling for the special meeting of qualified voters to consider the question under consideration, in view of the admitted fact that the matter was immediately appealed to the State Superintendent (respondent herein) by the County Superintendent of Camden County and the decision of the State Superintendent was in favor of the appellant, as evidenced by the State Superintendent's action in signing and approving the plats and notices for and on behalf of the County Superintendent of Laclede County. It matters not that the County Superintendent of Laclede County in the forenoon of June 3, 1925 (a few hours before, but on the same day, the notices

and plats calling the special meeting for consideration of the question were posted by the County Superintendent of Camden County), posted notices and plats calling for the submission of another and different consolidated district lying wholly within Laclede County. Such action on the part of the County Superintendent of Laclede County was an attempted usurpation of jurisdiction over the subject-matter previously acquired under the statute by the County Superintendent of Camden County and amounted to a positive violation of the statute prescribing the procedural steps to be taken in such proceedings,

It follows that the peremptory writ of mandamus against respondent prayed for by relators in their petition filed in this court should be awarded, and it is so ordered. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by Seddon, C., is adopted as the opinion of the court. All of the judges concur, except *Otto, J.,* not sitting.