245 S.W.2d 157 (1952)
STATE ex rel. CORDER SCHOOL DIST. NO. R-3
v.
OETTING.
No. 21671.
Kansas City Court of Appeals, Missouri.
January 7, 1952.
Ike Skelton, Lexington, Newton R. Bradley, Lexington, of counsel, for appellant.
H. Townsend Hader, Blackwell & Sherman, all of Lexington, for respondent.
DEW, Judge.
Mandamus was sought by the appellant to compel the respondent, treasurer of Lafayette County, Missouri, to pay certain warrants issued to the appellant on certain school funds in the hands of the respondent. The warrants, three in number, were for sums aggregating $915.50. Such funds were in the hands of the respondent but he had refused payment. Upon the final decree of the court denying the writ, the relator appealed.
The gist of the petition is that there had been a proper annexation of Common School District No. 5, known as the Hitt District, with Corder District No. 32, which latter description became the proper designation until, upon reorganization, it became and now is Corder School District No. R-3 of Lafayette County, Missouri; that upon such annexation the funds in question, having been the property of the former Hitt District No. 5, became, under the law, the property of the relator, the reorganized Corder School District No. R-3. It is alleged that the three warrants were issued October 27, 1949, payable to the order of the Corder Public School District No. 32 *158 on the funds in the respondent's hands for services rendered to or expenses incurred by Hitt District No. 5.
The alternative writ having been issued, the respondent duly filed his return wherein, in substance, he denied that the funds in question are now the property of the relator (appellant) but alleges that pursuant to the statutes, the County Board of Education of Lafayette County had submitted to the voters in several school districts said Board's plan for reorganization of the school districts of that county, the result of which was that the said plan was adopted by a large majority and in which School District No. 5 (Hitt) became and is a part of the new Waverly District R-8, and that the funds in question are, therefore, the property of said new reorganized Waverly District R-8, for which funds the duly elected officers of that reorganized district have made demand upon the respondent.
In reply the relator pleaded a special election in the old Hitt District No. 5 on the proposition of its annexation to the old Corder District No. 32, now Corder School District No. R-3 (appellant), and that the said election resulted in the adoption of said annexation proposal, prior to the election by the County Board of Education alleged in the return.
Most of the pertinent facts of the case are admitted by stipulation. The respondent, in support of his return, is relying on certain provisions in RSMo 1949, Sections 165.657 to 165.707, V.A.M.S. The appellant, on the other hand, relies on certain provisions of RSMo 1949, Section 165.300, V.A.M.S. To clarify the respective theories of the parties, a brief examination of the two sets of statutes in question is advisable. Article 4, Chapter 72, RSMo 1939, was designed to accomplish the enlargement of school districts of convenient size and of contiguous territory in a given county by and through a central County Board required to be established thereunder. Many of the sections of that article were repealed and new sections enacted in lieu thereof in 1945. See Laws of Mo.1945, page 1657. However, radical changes were made in 1947 and the said new sections were repealed and the present new statutes enacted in lieu thereof. RSMo 1949, Secs. 165.657 to 165.707, V.A.M.S., creating a Board of Education in and for each county of the state. Laws of Mo.1947, Vol. II, page 370. This law went into effect July 18, 1948. Under certain provisions of these statutes, it is required that within sixty days after the effective date of such sections each county superintendent shall call a meeting of the members of the boards of education and boards of directors of the various school districts in his county and elect a County Board of Education of six members for such county; that within six months thereafter the Board must make a comprehensive study of each school district in the county and prepare a plan of reorganization as to tax valuation, geographical features, numbers of pupils, etc. Upon the completion of such study and not later than May 1, 1949, such County Board of Education must submit to the said State Board of Education a specific plan for the reorganization of the school districts of the county. If the State Board of Education deems the plan inadequate, it shall so notify the County Board of Education, which shall, within sixty days thereafter, review the rejected plan, make alterations, revisions, and amendments as deemed proper and submit the revised plan to the State Board. If the revised plan is disapproved by the State Board, then the County Board is required to submit its own plan to the voters for a vote for or against it on the first Tuesday of November, 1949. If the plan be adopted as submitted to the voters in such cases, the directors of the enlarged district are thereupon elected. Funds of a district included are to be transferred to the enlarged district.
The salient provisions of RSMo 1949, Section 165.300, V.A.M.S., upon which the appellant relies, relate to annexation by one district to another of certain classifications. Laws of Mo.1947, page 507. It was enacted in lieu of Section 10484, a part of Article 5, Chapter 72, RSMo 1939, and became effective June 23, 1947, under its emergency clause. Provision is made therein for a school district adjoining any city, town, consolidated or village school district, desiring to be annexed thereto for school purposes, *159 to hold special elections therefor and if carried, the districts shall be annexed as proposed, and funds of the district, if annexed, shall become the property of the city or town school district.
According to the facts, the County Board of Education of Lafayette County proceeded under the provisions above cited, RSMo 1949, Sections 165.657 to 165.707, V.A.M.S., as related below. It was established August 23, 1948. It promptly made a detailed study of the school districts of the county and filed said report with the State Board of Education. On April 28, 1949, within the statutory time it adopted a plan of reorganization of all the districts of the county, including Hitt District No. 5. On April 30, 1949, it submitted its plan to the State Board of Education. The State Board rejected the plan on June 28, 1949. On August 22, 1949, the County Board adopted a revised plan of reorganization, which included Hitt District No. 5 in a reorganized district called the Waverly District No. R-8, and again submitted the plan to the State Board on August 31, 1949. Thereafter, on September 14, 1949, the State Board rejected the revised or second plan of reorganization. In its letter of disapproval of the second plan the State Board stated in part"In the disapproval of a reorganization plan the second time, attention is called to the fact that the law, under Section 7 of Senate Bill No. 307 directs the County Board to propose a plan of reorganization and submit the same to the voters on the first Tuesday in November, 1949." On September 27, 1949, the County Board voted to submit the second plan to the voters. On October 5, 1949, the County Board called an election on the said second plan of reorganization, giving due notice thereof, to be held November 1, 1949. At that election there were 458 votes in favor, and 69 votes against the proposed reorganization.
In the meantime, however, after the rejection of the County Board's second plan by the State Board on September 14, 1949, a petition of 16 voters was filed on September 26, 1949, with the clerk of the School Board of Hitt District No. 5, for the calling of an election therein to annex that district with Corder District No. 32 (itself now a part of reorganized Corder District No. R-3, the appellant). This petition being approved by the District Board of Hitt District No. 5 on September 27, 1949, the same date that the County Board of Education voted to submit its second plan to the voters, the Board of Hitt District No. 5 caused notices to be posted as of October 3, 1949, for an election therein to be held October 21, 1949. At that election there were twenty votes in favor of the annexation to the Corder District, and seventeen votes against it. The Corder District No. 32 voted on the same day to accept the annexation.
It is the contention of the appellant that on and after September 14, 1949, when the second plan of the County Board of Education was rejected by the State Board, no plan then existed for the reorganization or enlargement of the school districts of the county, and that there was none then available to the voters of the county as the Board's own plan. It is argued that the District Board's proceeding for annexation was begun prior to the adoption and submission of the plan of the County Board. In other words, the appellant's theory is that the School Boards of Hitt District No. 5 and Corder School District No. 32, became vested with exclusive jurisdiction in the matter of their annexation, and that the later adoption of the County Board's plan by the voters is void.
Respondent maintains that the County Board of Education acquired exclusive jurisdiction over the territory of Hitt District No. 5 when it adopted its first plan of reorganization April 28, 1949, including that district, and that such jurisdiction continued until the election submitted by it on November 1, 1949. Especially it contends that such exclusive jurisdiction was clear on August 22, 1949, when the County Board submitted its second plan to the State Board, and, on September 14, 1949, when the second plan was rejected by the State Board, at which time, under the statute, the County Board became legally bound to propose and to submit that or another plan of its own to the voters on November 1, 1949. The plan so submitted and adopted at such election placed Hitt District No. 5 in the Waverly District R-8, and not in Corder School District No. R-3. It is urged that the *160 annexation proceedings carried out in the meantime by Hitt District No. 5 and Corder School District No. 32 were void.
Assuming that both the County Board and the local District Board generally had concurrent jurisdiction to proceed as they did, affecting the districts in question, the facts support the contention of the respondent that it acquired prior and exclusive jurisdiction in the premises by reason of its having first begun its proceedings. At the time of the establishment of the County Board of Education in Lafayette County on August 23, 1948, there was no pending proceeding of any kind on the part of the School Board of Hitt District No. 5 for annexation; nor when the County Board prepared and adopted its proposed plan for reorganization on April 28, 1949, within the time and as required by the statute, and which included Hitt District No. 5; nor on April 30, 1949, when that plan was submitted to the State Board; nor on June 28, 1949, when that plan was rejected by the State Board; nor at the time when the County Board amended the plan, including District No. 5 in the Waverly District No. R-8, and on August 22, 1949, submitted it to the State Board as a second plan of reorganization, nor on September 14, 1949, when the second plan was rejected. At that juncture the County Board became legally bound by law to submit a plan of its own to the voters in the districts involved (including Hitt District No. 5) to accept or reject it on the first Tuesday of November, 1949. This was done by the County Board's order of September 27, 1949, and the plan overwhelmingly adopted by the voters on November 1, 1949. See State ex inf. Stipp ex rel. Stokes Mound School Dist. v. Collier, Mo.Sup., 243 S.W.2d 344.
The fact that, during the interim between the date the second plan of the County Board was rejected by the State Board September 14, 1949, and the prompt submission of the County Board's own plan to the vote of the people within the statutory period, a petition of 16 voters of Hitt District No. 5 was filed with the clerk of that district, calling for an election on October 21, 1949, to annex with the Corder District No. 32, and that such annexation was carried at that election did not divest the County Board of its prior jurisdiction acquired as aforesaid, to proceed and to consummate its reorganization plan if and when adopted by the voters at the election on November 1, 1949.
It was said in State ex inf. Goodman ex rel. Crewdson v. Smith, 331 Mo. 211, at page 214, 53 S.W.2d 271, 272: "It is a well established principle of law that, when several separate authorities have concurrent jurisdiction of the same subject-matter the one in which proceedings were first commenced has exclusive jurisdiction to the end of the controversy."
In the recent case of State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, at page 404, 228 S.W.2d 762, 779, involving the priority between two extension proceedings over the same territory and each instituted by a different municipality one day apart, the court said: "(1) relator, by the institution of its prior proceedings on August 19, 1946 thereby acquired prior jurisdiction of the subject matter, and (2) relator thereby acquired the right to continue its proceedings to a conclusion, unimpaired by any effort whatever upon the part of respondent to annex any of the same area."
It was also stated in State ex rel. Fry v. Lee, 314 Mo. 486, 284 S.W. 129, that proceedings started by the Superintendent of Camden County for the formation of a consolidated school district gave prior jurisdiction over proceedings later begun by the Superintendent of the adjoining Laclede County under which notices for an election were given to be held one day prior to the election proposed for the first proceedings, and that the second proceeding was an attempted usurpation of jurisdiction of the subject matter previously acquired by the County Superintendent of Camden County. See, also, 73 C.J.S., Public Administrative Bodies and Procedure, § 53, page 376.
Appellant relies strongly on the opinion of this court in Mullins v. Eveland, Mo.App., 234 S.W.2d 639, wherein we held that the annexation proceedings taken by a *161 local school district were valid and were not affected by the fact that the County Board had merely contemplated a plan to reorganize the districts in question. The holding there was that the County Board of Education had never made or submitted a plan and the State Board had taken no action whatever in respect to the same. That case is distinguishable from the case at bar where all of the requirements of the statutes were met by the State and County Boards of Education at the times and in the manner stated.
In view of the admitted facts and the law applicable thereto it is our conclusion that the annexation proceedings instituted by the Board of Hitt District No. 5 with Corder School District No. 32, now Corder School District No. R-3, are void, and that said Hitt District No. 5 was lawfully made a part of said Reorganized Waverly District No. R-8, under the adopted plan of the County Board of Education of Lafayette County, ratified by its voters on November 1, 1949, and that the funds in the hands of the respondent, formerly belonging to Hitt District No. 5 are now the property of and vested in the Reorganized Waverly School District No. R-8 of Lafayette County, Missouri. In view of so holding, the result is that the court properly denied the writ of mandamus. The judgment and decree are hereby affirmed.
All concur.