GLASGOW SCHOOL DISTRICT NO. 60, HOWARD COUNTY, Missouri; J. H. Milam, Leon F. Fife, Robert Himmelberg, Fred Ferguson, Walter A. Gebhardt, Thurston Amick, Arthur L. Walker, Don Kanner, Kenneth Wineteer, James B. Haskamp, Gus A. Ruether, Paul E. Grisham, Louis H. Brucks, Kay Ivy, Eldred A. Speiser, Marian B. Dysart, Cyril Hagedorn, William Renne, Lawrence Aholt, Lonnie Young, Cornelius Sellmeyer, and Arnold B. Brucks, Respondents,

v.

Polly MARSHALL, John Mueller, Bob Thompson, Raymond O'Brien, Martin Wilmsmeyer, Wendell Watts, and Pearl McKee, individually and as Members of the Howard County Board of Education; Pearl McKee, Superintendent of Schools of Howard County, and the Howard County Board of Education, Appellants.

No. 23047.

Kansas City Court of Appeals.

Missouri.

March 7, 1960.

Motion for Rehearing or Transfer to Supreme Court Denied April 4, 1960.

Johnson & Rawlings, Marshall, Thomas Denny, Fayette, Edward R. Scott, Rasse & Rasse, Marshall, for appellants.

William H. Becker, Columbia, Wilbur F. Daniels, Fayette, William B. Nivert, Jr., Glasgow, for respondents.

SPERRY, Commissioner.

Plaintiffs, Glasgow School District No. 60, and a number of interested tax paying citizens of the counties of Howard, Chariton, and Saline, living within plaintiff school district, instituted this action in equity against Polly Marshall, President of the Howard County Board of Education and all members of said board, Pearl Mc-Kee, Superintendent of Schools of Howard County, and the Howard County Board of Education. Plaintiffs sought a decree enjoining defendants from proceeding further with an election, which had been ordered, to confirm and establish a reorganized school district plan in Howard County, (The reorganized district included within its boundaries Glasgow School District No. 60) as prepared and submitted by defendants; a mandatory injunction to compel defendants to order and conduct an election for the purpose of establishing reorganized district No. 2 of Howard County, as laid out and proposed by the State Board of Education, which district includes Glasgow District No. 60 and territory located in Chariton and Saline Counties; and a declaratory judgment on the issues herein presented. From a decree for plaintiffs, as prayed, defendants have appealed.

The facts material to a determination of the issues have been agreed upon and are submitted. The parties agree that solution of the problem presented rests upon construction of Sections 165.673 and 165.677 RSMo 1949, V.A.M.S.

Those sections constitute a portion of a comprehensive plan (Sections 165.657 to 165.707 RSMo 1949, V.A.M.S. inclusive) enacted by the Legislature in 1947, providing for the reorganization of school districts throughout the counties of Missouri. Section 165.657 provides for the election of a board of education in every county of the state. Section 165.673 prescribes the duties of the county board of education. Subparagraph (1) thereof provides that, within six months after its organization, it shall prepare a plan of reorganization of the

school districts of the county and submit it to the State Board of Education. Subsection (4) provides as follows: "Cooperate with boards of adjoining counties in the solution of common organization problems, and submit to the state board of education for final decision any and all organization questions on which the cooperating boards fail to agree."

Section 165.677 provides that, upon receipt by it of the county board's plan of reorganization, it shall examine and approve or disapprove same and notify the county board of its action; that, if it shall disapprove, the county board shall have sixty days to review the rejected plan and submit a revised plan to the State Board for its approval; that, if the revised plan is disapproved, the county board is required to "propose and submit its own plan * * * to the voters."

In April, 1949, the Howard County Board proposed to the State Board that the structure of school districts in that county remain as it had previously been, that no change in district lines be made. This plan was disapproved by the State Board. Not until June 12, 1958, did the county board submit a second plan, which was disapproved by the State Board. However, before such action was taken by the state the Chariton County Board submitted a plan of reorganization affecting territory in Howard as well as in Chariton County, and asked that the Howard County plan be disapproved. Before further action by the State Board, Howard County submitted another revised plan. The State Board disapproved all plans submitted and ordered the Howard County Board to call an election and submit to the voters a new plan of reorganization, prepared by the State Board, providing for R-2, (Glasgow) which includes territory in Howard, Saline and Chariton Counties, and for districts R-1 and R-3 comprised of territory wholly within Howard County. The Howard County Board failed to comply with the order of the state board but, instead, ordered an election to be held whereby the voters should approve or disapprove its plan of reorganization.

Defendants contend that their action and position is authorized under the provisions of Section 165.677, supra, since the State Board had disapproved two plans of reorganization as proposed by the Howard County Board.

If all of the territory and children involved in and *affected* by any proposed reorganization of Howard County school districts were located and resided wholly within that county defendants' position might well be justified. State ex rel. Corder School Dist. No. R-3 v. Oetting, Mo.App., 245 S.W.2d 157. But such is not the situation here presented. The historical and physical facts are not in dispute, and they contradict such a theory or premise.

Howard County is bounded on its southern boarder and along a large portion of its western border, by the Missouri River. Glasgow, a town with a population of more than 1400 people, is located on the eastern side of the river which, in this area, makes a series of wide bends or curves, generally similar to the letter "S". Immediately across the river from Glasgow, within such a bend, lies a populated section of Saline County. At Glasgow the Howard County line leaves the river and runs straight, in a northeasterly direction, to the northwestern corner of the county. To the west of this line lies a considerable area of Chariton County, which area is bounded on the west and south by the irregular, curving, Missouri River. Those areas, lying in Saline and Chariton Counties, are adjacent to and readily accessible to Glasgow and, historically, since prior to 1947, the children of those areas have attended the Glasgow High School, and some have attended grade school there. The Glasgow school bus routes have long been established so as to serve them. Because of the geographical conditions mentioned the state board may have believed it would be difficult to support and maintain schools locat-

ed in Saline or Howard County to service those areas. The boards of education of those counties had an interest in any proposed plan of reorganization of the school districts of Howard County, if such a plan embraced or affected the boundary lines of the Glasgow District. The Chariton county board evidently was so much opposed to the plan proposed by the Howard County board that it intervened and proposed a plan of its own creation. When the two plans were considered by the State Board, the boards of all three counties were either present or were represented. These facts are established by the record.

This situation clearly calls for action by the State Board, under the provisions of Subparagraph (4) of Section 165.673. The Howard County board was thereby commanded to "cooperate with boards of adjoining counties (Chariton and Saline) in the solution of common organization problems, and submit to the state board of education *for final decision* any and all organization questions on which the cooperating boards fail to agree." (Emphasis ours) The case of State ex rel. Corder School Dist. No. R-3 v. Oetting, Mo.App., 245 S.W.2d 157, cited by defendants, does not support defendants' contention that the Howard County board had acquired prior and exclusive jurisdiction to submit its plan at an election because, in that case, all territory involved lay exclusively within Lafayette County, and no other county board of education had a legal interest in the matter. The provisions of Subsection (4) of Section 165.673, supra, had no application under those facts.

■ County boards of education owe their very creation and continued existence to laws enacted by the state legislature. Being creatures of the statutes their powers are strictly circumscribed by the law which created them and prescribed their powers and duties. In this case, by reason of their failure to agree on a common problem of organization, the boards of edu-

cation of Howard, Saline, and Chariton Counties were, each and all, bound to submit such question to the State Board of Education for final decision. All were, and are, bound by that decision. They must obey the order of the State Board made in this case. State ex rel. Fry v. Lee, 314 Mo. 486, Syllabi 4, 284 S.W. 129, 134.

■ There is no conflict between the provisions of Sections 165.673 and 165.677, supra. The former makes provision for final adjudication of differences arising out of common problems of organization between various county boards; the latter provides a method for final solution of differences between a county board and the state board as to questions of reorganization of school districts where the territory lies wholly within one county, where no other county board has a legitimate interest therein. The two sections are harmonious and both are essential to a workable and efficient plan for the much needed reorganization of our schools. Under this law Missouri's rural educational system has made more progress in thirteen years than had been made during the previous fifty years. That was the primary intent and purpose of the legislature in framing and enacting the law. It is our duty to so construe its various component parts as to harmonize them, if possible, to give life to every provision thereof, in order that the legislative purpose may be promoted and not be thwarted. State ex rel. Browning v. Juden, Mo.App., 264 S.W. 101, 102–103.

■ The State Board of Education properly evolved and approved of a plan of reorganization for the Glasgow area in Howard, Chariton, and Saline Counties, for its District R-2. However, it had no power to propose any plan of reorganization touching the remaining territory of the county, which lies wholly within Howard County. Under the circumstances here shown, it was its duty to work out a plan that it could approve so far as the territory involved in its proposed R-2 district is

concerned, and to cause such plan to be submitted, at an election to the voters of that district for their action. State ex inf. Carnahan ex rel. Webb v. Jones, 266 Mo. 191, 181 S.W. 50, 51. To hold otherwise would, in effect, leave the state without a workable school reorganization law in situations such as is here presented.

■. Injunction is an appropriate remedy to prevent the holding of an unauthorized and illegal election in this type of case. Wann v. Reorganized School District No. 6, Mo., 293 S.W.2d 408, 412; Baum v. City of St. Louis, 343 Mo. 738, 123 S.W.2d 48, 51; and the court has the power to compel the Howard County board to submit to the voters the plan for District R-2, as made by the State Board, for their acceptance or rejection. It is the clear duty of the Howard County Board to take the necessary legal steps to call and implement said election, and to cause it to be held according to law.

■ Plaintiffs, in their petition, and defendants, in their answer, pray for a declaratory judgment herein. The Court had power to issue such a judgment in this case. Walker Reorganized School District R-4, v. Flint, Mo.App., 303 S.W.2d 200, 205–206. However, in view of our opinion herein, it is not necessary to discuss this question further than to say that the trial court's judgment, in that respect, should be affirmed.

The judgment of the trial court upholding the legality of the action of the State Board of Education in evolving a plan for and designating the boundaries of its proposed reorganized school district R-2 of Howard County, and in ordering the Howard County board of education to order and call an election to submit said plan to the voters of the district for their approval or disapproval, should be affirmed. Since the date fixed in the judgment for the holding of the election has long since passed, (State ex rel. Kugler v. Tillatson, Mo., 312 S.W.2d 753, 758) this cause should be remanded to the trial court with directions to issue a new Writ setting a new date upon which an election should be held and conducted by the Howard County board of education on the plan submitted by the State Board of Education for R-2, and ordering that all necessary steps be taken to secure compliance with said judgment.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. The judgment is affirmed and the cause is remanded with directions in accordance with the opinion. All concur.