In the Matter of EUREKA FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, Respondent-Petitioner,

v.

Harry B. HOENE, Winnifred M. Hoene, Rosemary Hoene, Bryan N. Boland, Joseph Boland, Daniel Boland, Kenneth Bonacker, Matilda Bonacker, Ed Hoenerhoff for St. Louis Union Trust Company, Ed Wallach, Thelma Wallach, Hilda J. Young, Appellants-Objectors.

No. 41808.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 6, 1981.

John A. Schneider, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for appellants-objectors.

Paul A. Hennerich, Mastorakos & Dunne, Chesterfield, for respondent-petitioner.

STEPHAN, Judge.

Appeal from an order of the circuit court approving the inclusion of certain lands in the Eureka Fire Protection District ("District"). We affirm.

In February, 1979, certain owners of real property located in Jefferson County, Missouri sought to have certain land, which included their own holdings, included in the District. This territory was located wholly within Jefferson County and was contiguous to the southern boundary of the District. At that time the District was wholly within St. Louis County. The landowners filed a petition with the District's Board of Directors (Board), as required under § 321.-300 RSMo 1978,[1] which dictates the procedures necessary to change the boundaries of a fire protection district. Section 321.300(2) provides that when "the territory to be annexed contains more than two hundred taxpaying electors, a petition signed by at least one hundred taxpaying electors shall be sufficient...." The territory in question here contains more than 200 taxpaying electors, and the petition submitted to the Board apparently contained the signatures of more than 100 of them. The petition and the procedures subsequently followed complied in all respects with § 321.300.

Appellants are "farmers or owners of wild land" within the "territory." The Board, after giving proper notice, conducted a hearing on the petition. Appellants, hereinafter "objectors," filed written objections to, supported by oral statements against, inclusion of the territory in the District. After the hearing the Board found that it was in the best interest of the District to grant the petition for inclusion of the territory and so ordered. Acting pursuant to § 321.300(3), the Board then sought approval of its order by the St. Louis County Circuit Court. The circuit court reviewed the order under § 321.300(3) and found it to be "authorized by law, and ... supported by competent and substantial evidence."

---

1. All further statutory references are to the Revised Statutes of Missouri 1978 unless otherwise noted.

Accordingly, the circuit court entered its order approving inclusion of the territory in the District. From that order objectors appeal.

■ Initially we must address the issue, raised by respondent District, of whether objectors may properly seek review in this court. Section 321.300(3) provides for review by the circuit court of the Board's order granting a petition for change of boundaries. The circuit court must order what the Board ordered "unless . . . [it] . . . shall find that such order of the board was not authorized by law or that such order of the board was not supported by competent and substantial evidence."

Chapter 321 contains no reference to appeal from the circuit court's decision on review. Lack of such a reference does not preclude review by this court. Chapter 536, for example, contains no provision for appeal from the circuit court to this court, yet this court routinely reviews such cases.[2] See, e. g., *Bank of Crestwood v. Gravois Bank*, 616 S.W.2d 505, 506, 508 (Mo. banc 1981) [see § 361.095(4)]; *Alpha Portland Cement Co. v. Missouri Department of Natural Resources*, 608 S.W.2d 451, 453 (Mo. App.1980); *Standard Oil Division v. City of Florissant*, 607 S.W.2d 854, 855 (Mo.App. 1980).

We note that the circuit court was required to determine whether the Board's decision was authorized by law and supported by competent and substantial evidence. Determinations made under such standards, in our view, by their very nature demand the availability of appellate judicial review. The circuit court has completed its review as authorized by statute, has entered a final order in the case, and we find no reason in the statutes, rules, constitution, or other law in this state to keep us from undertaking our usual role as reviewers of circuit court decisions. Appellants, having appeared before both the Board and the circuit court as objectors with a clear stake in the outcome of the decision, are appropriate parties to seek review by this court of possible errors below.

Objectors' first point on appeal is that the circuit court erred in approving the Board's decision to include the territory in the district because such inclusion was not authorized by § 321.300. Objectors argue that § 321.300 does not authorize enlargement of an existing district across county lines. They maintain that any language in Chapter 321, particularly in § 321.010, referring to districts that cross county lines in fact applies only to the creation of new districts and not to the expansion of existing districts. We disagree.

Section 321.300 governs procedures for changing the boundaries of existing fire protection districts. Prior to 1969, § 321.-010 included in its definition of "fire protection district" the requirement that "[s]uch district must be wholly within a county of class one. . . ." Section 321.010(1) RSMo 1959. Section 321.010 was amended in 1969 and the language requiring the district to be "wholly within a county of class one" was omitted. Section 321.010(1) RSMo 1969. Section 321.030, which concerns the petition needed to organize a new district, was not altered in 1969. It continued to require filing of the petition "in the office of the clerk of the circuit court vested with jurisdiction in the county in which the real property in the proposed district is situated." Section 321.030 RSMo 1959, RSMo 1969. This statutory language clearly contemplates only the formation of fire protection districts that are wholly within one county. By retaining this language while omitting the reference to class one counties in § 321.010, it appears that the legislature intended to allow all classes of counties to have fire protection districts, but did not intend to allow the formation of districts that crossed county lines.

In 1978, the Seventy-ninth General Assembly, Second Regular Session, enacted two pieces of legislation relating to § 321.-010. House Bill No. 971, effective August 13, 1978, stated that "[t]he [fire protection]

provision for judicial review is provided by statute," i. e. § 321.300(3). See Rule 100.03.

district must consist of contiguous tracts or parcels of property, and may include within its boundaries, or may be contiguous with, any city, town or village." This definition was identical to that contained in the previous version of the statute. Section 321.-010(1) RSMo 1969. Senate Bill No. 628, also effective August 13, 1978, stated that "the [fire protection] district must consist of contiguous tracts or parcels of property containing all or parts of one or more counties, and may include within its boundaries, or may be contiguous with, any city, town or village." These bills were both codified in the Revised Statutes of Missouri 1978 as § 321.010 and were in effect at the time of these proceedings.[3]

Thus, no language in either version of § 321.010 in effect in 1978 when this matter arose prevented land in one county from being in a fire protection district with land from another county as long as the tracts, and therefore the counties, were contiguous. Further, the legislature in 1978 made a significant change in § 321.030. As noted earlier, the language of that section suggested that a new fire protection district was intended to exist wholly within one county. The new section, however, contemplates that the organizing petition will be filed "in the office of the clerk of the circuit court vested with jurisdiction *in any county in which all or part of the real property in the proposed district is situated.*" Section 321.030 RSMo 1978 (emphasis added). This amended section unequivocally allows the creation of a new fire protection district that includes land in more than one county.

Nonetheless, objectors point to the fact that the legislature did *not* amend § 321.-300, governing changes in the size of existing districts, in 1978. Section 321.300 has existed in its present form, except for minute changes irrelevant to the present issue, for many years. See § 321.300 RSMo 1959; RSMo 1969; RSMo 1978. In objectors' view, certain language in this section re-

flects that expansion across county lines is not allowed, and failure of the legislature to change that language indicated a desire to treat expanded districts and newly-created districts differently. We reject this position.

It is true that certain language in § 321.-300 is consistent with the fact that at the time of its drafting fire protection districts could not include land in more than one county. Nonetheless, under the facts of the case at bar, this language is also consistent with the formation of multi-county districts. Section 321.300(2) requires that "notice of the filing" of the petition for expansion is "to be given and published in the county in which the property [to be added] is located." While originally intended for single-county districts, that requirement is neither ambiguous nor unrelated to the policy considerations typically behind notice requirements, when applied to the formation of multi-county districts.

Section 321.300(3) may be viewed in a similar light. After the Board grants a petition, it must "make an order to that effect and file the same with the circuit clerk...." Subsequent language makes it clear that this is to be the clerk of the circuit court "having jurisdiction over the district...." In the case at bar, prior to the order by the St. Louis County Circuit Court, without which no change in the District's boundaries could be effected, the District was wholly within one county, and thus the requirement in question presented no ambiguity. Ambiguity would arise under this language if a multi-county district, which objectors concede can exist if newly created under § 321.030, were the subject of expansion.

It is objectors' explicit view that the legislature intended to allow the creation of multi-county districts but not to allow the expansion of an existing district across county lines. It is also implicitly their view

---

3. Senate Bill No. 236, Eightieth General Assembly, became effective June 15, 1979, repealing the two 1978 versions of § 321.010. This new section adopts the S.B. 628 definition of fire protection districts which includes the clause "the ... district must consist of contiguous tracts ... containing all or parts of one or more counties...." Section 321.010 RSMo Supp. 1980.

that § 321.300 allows expansion of single-county districts but not of newly created multi-county ones, since the legislature referred only to a single circuit court in § 321.300(3).

We prefer the view that, at the very least, the legislature in 1978 made changes in Chapter 321 that permit the type of expansion undertaken in the case at bar. Amendment of § 321.300(3) was not necessary to permit the type of expansion presented by the facts now before us.

■ Another view of the matter is that the legislature in 1978 intended that both multi-county districts and single-county districts could be created, and both could be expanded in any way so long as the added territory is contiguous to the original district. Failure to eliminate the potential ambiguities in § 321.300 may have been a legislative oversight, or perhaps the legislature thought them inconsequential and easily resolved by ordinary principles of statutory interpretation combined with common sense. One such principle is that one section of a statute must be read *in pari materia* with other related provisions. All provisions of a statute should be read together and harmonized. *Spitcaufsky v. Hatten*, 353 Mo. 94, 182 S.W.2d 86, 110 (banc 1944); *Gladden v. Kansas City*, 536 S.W.2d 478, 480[3] (Mo.App.1976). The dominant theme running through the 1978 amendments is that multi-county districts are now allowed, and very minor adjustments in the interpretation of § 321.300 are necessary to bring the whole statute into harmony.

■ The purpose of Chapter 321 is ostensibly to provide protection for the public against fire and other emergencies. See § 321.010(1). We can think of no reason, related to this purpose, why the legislature, once it decided to allow multi-county districts to exist, (1) should decide that such districts may only be made out of whole cloth and may not be the product of an expansion; and (2) should decide that single-county districts may be expanded, but that the new multi-county districts may not. Objectors offer no reason why the legislature should produce the distinctions

yielded by objectors' reading of § 321.300. We decline to assume that the legislature made what seem to be such arbitrary distinctions in the face of indications, present in the history of the amendments to Chapter 321 discussed supra, that no such distinctions were intended.

■ In their second point on appeal, objectors maintain that the Board's decision in this matter was not supported by competent and substantial evidence, on the grounds that the hearing held by the Board was inadequate. Objectors argue that since the hearing was informal, since no witnesses were sworn, examined, or cross-examined, no competent evidence could have been taken. We rule against objectors on this point.

Section 321.300(2) requires only that the Board conduct a very limited type of hearing. The Board need only receive the petition and written objections thereto. The statute does not even require that witnesses be heard, let alone that they be sworn and examined. The Board in this case complied with, and even exceeded, these requirements. Objectors argue that, nonetheless, this hearing was inadequate because the Board did not comply with the evidentiary procedures prescribed under Chapter 536, the Administrative Procedure Act. These procedures include the swearing-in and examination of witnesses. See § 536.070(1) and (2).

The evidentiary procedures to which objectors argue they were entitled are required under the Administrative Procedure Act only in a "contested case." Section 536.070. A contested case "means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(2). The Missouri Supreme Court has elucidated this section's reference to a "hearing" as follows: "a 'contested case' is one 'which *must* be contested before an administrative agency because of a requirement . . . *for a hearing before it* of which a record must be made unless waived.'" *Morrell v. Harris*,

418 S.W.2d 20, 22 (Mo.1967) (emphasis in original), quoting *State ex rel. Leggett v. Jensen,* 318 S.W.2d 353, 356[2] (Mo. banc 1958). Section 321.300, as noted earlier, requires a "hearing," which need only consist of receipt of the petition for expansion and written objections thereto. The statute does not require that a record be made, yet the provision for circuit court review in § 321.300(3) suggests that at least the petition and written objections are to constitute a record for review. In the case at bar, the Board had a transcript made from a tape of the oral testimony at the hearing.

Even if the "hearing" required by § 321.-300 is the type of required hearing that would make this matter a contested case under § 536.010(2) as interpreted by *Morrell,* supra, we must resolve whether this is a case involving the "legal rights, duties or privileges of specific parties" as contemplated by the drafters of the Administrative Procedure Act.

In our view the task of the Board under § 321.300 does not involve the determination of private rights. The Board may either grant or deny the petition for inclusion of the entire proposed territory. It may not exclude or include particular tracts in the territory according to how it views the merits of individual objections. It must act "for the best interest of the district" § 321.300(3). Its action is not wholly legislative, since it may not itself shape the territory to be annexed. Nor is it wholly judicial, since it does not determine "adjudicative facts pertaining to a particular party." See *Jackson County Public Water Supply District v. State Highway Commission,* 365 S.W.2d 553, 559 (Mo.1963).

Viewing § 321.300 in the context of the entire statute governing fire protection districts, we do not believe that the legislature intended the creation or expansion of fire protection districts to be cases that "must be contested" by "specific parties" before an agency. We acknowledge that § 321.300 is *sui generis.* It provides for judicial review of what is essentially a quasi-legislative activity (see *State ex rel. State Highway Commission v. Weinstein,* 322 S.W.2d

778, 784[7] (Mo. banc 1959); and it requires review under the traditional "competent and substantial evidence standard" without requiring a full evidentiary hearing on the record. We leave it to the legislature to address these paradoxes should it so desire. Absent a clear indication that Chapter 536 applies, we decline to require proceedings beyond those demanded by § 321.300.

Moreover, even were we to hold that Chapter 536 applies, we would uphold the order below. Appellants did not object at the hearing to the form of the proceedings conducted by the Board. An agency must be given the chance to correct its errors. *Alpha Portland Cement Co. v. Missouri Department of Natural Resources,* 608 S.W.2d 451, 454[2, 3] (Mo.App.1980).

Affirmed.

GUNN, P. J., and PUDLOWSKI, J., concur.