In re Organization of **TIPTON RURAL FIRE PROTECTION DISTRICT**, Pursuant to Chapter 321, RSMO, Appellant,

v.

**The OBJECTORS, et al., Respondents.**

**No. WD 58192.**

Missouri Court of Appeals,
Western District.

Nov. 28, 2000.

Rehearing Denied Jan. 30, 2001.

Robert Angstead, Jefferson City, for Appellant.

McCutcheon, Jr., Versailles, for Respondent.

Before LOWENSTEIN, P.J., LAURA DENVIR STITH and NEWTON, JJ.

LOWENSTEIN, Presiding Judge.

This appeal involves a dispute between two newly organized rural fire protection districts over an area that each claims belongs in their district. The Appellant, Tipton Rural Fire Protection District (Tipton Fire District) and the Fortuna Fire Protection District (Fortuna Fire District) each filed a petition to organize that included the land in dispute. The Respondents (Objectors) are landowners that do not want their land to be included in the Tipton Fire District. Because this court finds that (1) § 321.300.2(1), RSMo Cum. 1997, did not repeal the doctrine of prior jurisdiction with regard to fire protection districts; (2) the order creating the Tipton Fire District excluded the land in dispute; and (3) the time frame in which to timely appeal the circuit court's order had ended, the judgment of the trial court finding that the land in dispute could not be the proper subject of an annexation into the Tipton Fire District is affirmed.

On July 2, 1998, a petition to organize the Tipton Fire District was filed in the Circuit Court of Moniteau County. On August 3, 1998, a petition in protest of the petition to organize the Tipton Fire District was also filed in Moniteau County. The petition in protest sought to exclude the land in dispute from the proposed district, which was described in an exhibit attached to the petition. Following a hear-

ing, the circuit court issued an order on August 25, 1998, creating the Tipton Fire District, subject to an election. The order excluded the property in dispute that was described in the exhibit attached to the petition in protest.

Meanwhile, on September 18, 1998, a petition was filed for the creation of the Fortuna Fire District in the Circuit Court of Morgan County. Included in the boundaries of the proposed Fortuna Fire District was the property in dispute that was excluded in the order creating the Tipton Fire District.

On November 3, 1998, an election was held and a majority voted in favor of creating the Tipton Fire District. The Circuit Court of Moniteau County subsequently issued an order declaring the incorporation final and conclusive. Voluntary petitions were filed in late November, attempting to have the land in dispute included in the Tipton Fire District. Objections to the inclusion of this land in the Tipton Fire District were also filed. On December 3, 1998, December 10, 1998, and January 7, 1999, the Board of the Tipton Fire District met to consider the voluntary petitions for annexation of the land in dispute into the Tipton Fire District. On January 7, 1999, the Tipton Fire District Board issued an order approving the annexation of the land in dispute. Appeals of the Board's order were filed in Moniteau County.

On January 15, 1999, a hearing was held on the petition to establish the Fortuna Fire District. The Circuit Court of Morgan County issued an order approving the incorporation of the Fortuna Fire District and scheduled an election. The election was held on April 6, 1999, and a majority of the voters approved the establishment of the Fortuna Fire District. On April 27, 1999, the Circuit Court of Morgan County entered its judgment declaring the January 15, 1999, order incorporating the Fortuna Fire District final and conclusive.

On April 8, 1999, the Tipton Fire District filed a motion requesting the Circuit Court of Moniteau County to enter an order including the land in dispute in the Tipton Fire District. An amended motion was filed on April 28, 1999. A hearing was held on the amended motion on November 24, 1999, and on January 28, 2000, the Circuit Court of Moniteau County entered an amended judgment granting the Tipton Fire District all lands located in Cooper County and denying any of the land that was included in the Fortuna Fire District incorporation, finding that the Tipton Fire District did not have jurisdiction to annex the land and that the Board's order including those lands was unauthorized by law. The amended judgment reads, in pertinent part:

> [T]hose lands that were included in the petition to incorporate the Fortuna Fire Protection District filed September 18, 1998, and the subsequent order could not be the proper subject of an annexation in Tipton Rural Fire Protection District until Fortuna excluded them from its case. The action filed first has jurisdiction to the exclusion of any subsequent filed action regardless of which terminates first.
>
> Therefore, the Court finds that the Board's actions were not authorized by law and [its] petition is denied in all respects to the property located within the boundaries of the Fortuna Fire Protection District.

* * * *

The Tipton Fire District appeals.

### Standard of Review

This court will review the judgment of the trial court based upon the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.*

## Discussion

The Tipton Fire District argues in its first point that the trial court erred in ruling that the land in dispute could not be the proper subject of an annexation by the Tipton Fire District until the Fortuna Fire District excluded it from its proceeding because the doctrine of prior jurisdiction is no longer applicable to fire protection districts under the 1997 amendment to § 321.300.2(1).

Section 321.300 sets forth the procedure for changing the boundaries of a fire protection district. Prior to the 1997 amendment, § 321.300, RSMo 1994, read, in pertinent part:

2. The boundaries may be changed as follows:

(1) Seventy-five percent of the owners of any territory or tract of land near or adjacent to a fire protection district who own not less than fifty percent of the real estate in such territory or tract of land and **not located within** only a part of any municipality or **another fire protection district** may file with the board a petition in writing praying that such real property by included within the district[.] (Emphasis added.)

After the 1997 amendment § 321.300 reads:

2. The boundaries may be changes as follows:

(1) Twenty-five percent of the number of voters who voted in the most recent gubernatorial election in the area to be annexed may file with the board a petition in writing praying that such real property be included within the district[.]

The Tipton Fire District argues that prior to the 1997 revision, § 321.300.2(1) expressly precluded individuals that were part of an existing fire protection district from petitioning to change their boundaries to be a part of an adjacent fire district. The Tipton Fire District claims that the 1997 amendment expressly removed the requirement that property not be within an existing fire protection district in order to qualify for annexation into another district, and as such did away with the prior jurisdiction doctrine with regard to fire protection districts.

The objectors, on the other hand, argue that § 321.300.2(1) both before and after the 1997 amendment contains the procedure that must be followed by persons petitioning to be included in a fire protection district that do not currently reside in an existing fire protection district. The objectors claim that if persons residing in an existing fire protection district want to join a new or different fire protection district, they must file a petition under § 321.310, RSMo 1994, obtain an order of exclusion to be excluded from the district they are currently in, and then bring a petition under § 321.300.2 for inclusion of their land in a new or different fire protection district. The objectors maintain that this construction of § 321.300.2(1) and § 321.310 shows that the statutes and the prior jurisdiction doctrine provides a "harmonious and consistent method to exclude lands from one fire protection district and include the same lands in another fire protection district."

█ Both parties maintain that a statutory construction will resolve whether the prior jurisdiction doctrine is still viable in determining fire protection district property disputes. Although the process provided under Chapter 321 for the creation, change and exclusion of property in fire protection districts is circular and confusing, it is up to the legislature to resolve the inconsistencies created by these statutes. As this court's duty is to resolve the dispute between the parties in this particular case, a judicial interpretation of the intent of the legislature's amendment to § 321.300.2(1) is not necessary. The parties here seek a determination of whether the land at issue belongs in the Tipton Fire District or the Fortuna Fire District.

█ The only practical way to resolve this issue is by applying the doctrine of

prior jurisdiction. The doctrine of prior jurisdiction in annexation proceedings has long been recognized in Missouri. *State ex inf. Taylor ex rel. Kansas City v. North Kansas City*, 360 Mo. 374, 228 S.W.2d 762, 779 (banc 1950). Under the doctrine, where two public bodies assert jurisdiction over the same territory in annexation proceedings, the one that took the first valid step toward annexation will prevail, regardless of which completes its proceedings first. *State ex inf. Nesslage v. City of Lake St. Louis*, 718 S.W.2d 214, 219 (Mo. App.1986). " '[W]hen there is a statute governing annexation, and the statute prescribes the procedure to be followed, then the doing of the first thing required by the statute marks the beginning of the proceedings.' " *Id.* (quoting *City of Joplin v. Village of Shoal Creek Drive*, 434 S.W.2d 25, 30–31 (Mo.App.1968)).

■ Although the Tipton Fire District asserts that the change in the language of § 321.300.2(1) repealed the common-law doctrine of prior jurisdiction, this court does not find such a repeal either express or implied. *Raper v. Lusk*, 192 Mo.App. 378, 181 S.W. 1032, 1033 (Mo.App.1916). Regardless, the law does not favor repeal of the common law by implication in a statute, and a legislative intent to .do so is generally not presumed. *State v. Kollenborn*, 304 S.W.2d 855, 862 (Mo. banc 1957). Other statutory sections regarding the annexation and organization of cities and school districts do not state that they utilize the doctrine of prior jurisdiction, but it is clear from the case law that the doctrine is used to determine priority in those situations. *City of Sugar Creek v. City of Independence*, 466 S.W.2d 100 (Mo.App.1971)(alteration of city limits under § 79.020); *State ex. inf. Nesslage v. Village of Flint Hill*, 718 S.W.2d 210 (Mo.App.1986)(annexation of property into city under § 71.012); *State ex rel. Corder School Dist. No. R–3 v. Oetting*, 245 S.W.2d 157 (Mo.App.1952)(annexation or consolidation of school district under § 165.300).

Further, given the serious nature of fire protection, it would be careless of this court to find that the legislature repealed the common-law doctrine of prior jurisdiction by its 1997 amendment to § 321.300.2(1). Such a holding would leave citizens, courts and fire protection districts without an expeditious way to determine the outcome of land disputes in fire district annexation cases.

■ Finding that the prior jurisdiction doctrine is still applicable to fire protection districts, this court will now turn to the issue of whether the circuit court was correct in finding that the Tipton Fire District did not have jurisdiction to annex the land in dispute as it was already properly included in the Fortuna Fire District.

■ As discussed *supra*, § 321.300.2(1) prescribes the procedure to be followed for annexation of property into a fire protection district. Under the prior jurisdiction doctrine, the filing of a petition under § 312.300.2(1) is the first valid step toward annexation, and whichever party filed its petition first, prevails. *City of Lake St. Louis*, 718 S.W.2d at 219.

Here, the Tipton Fire District filed its petition to organize on July 2, 1998. A petition in protest of the Tipton Fire District's petition to organize was filed on August 3, 1998, which sought to exclude the land in dispute. The petition claimed that the undersigned residents already had adequate fire protection, that the tax assessment levied by the Tipton Fire District would unduly burden them and that the service that would be provided would not be of the same quality as that which they currently provide for themselves through a rural fire association. Following a hearing, the trial court issued an order on August 25, 1998, creating the Tipton Fire District, subject to an election. The order excluded the property in dispute.

Meanwhile, on September 18, 1998, a petition was filed for the creation of the Fortuna Fire District in the Circuit Court of Morgan County, Missouri. The bound-

aries of the proposed Fortuna Fire District encompassed the property in dispute. Although the Tipton Fire District filed its petition first in time, this court must determine if the circuit court's order excluding the land at issue, extinguished Tipton's priority under the doctrine of prior jurisdiction.

■ After the circuit court issued its order creating the Tipton Fire District and excluding the land at issue, the Tipton Fire District did not appeal the decision. While the parties on appeal agree that no specific right of appeal from the circuit court's order excluding the land at issue exists in Chapter 321, this court finds that there is an implied right to appeal. In *Eureka Fire Protection Dist. v. Hoene*, 623 S.W.2d 79 (Mo.App.1981), owners of property sought to have their land included in a fire district. The landowners filed a petition with the fire district's board and the board held hearings on the petition. *Id.* at 80. Objectors voiced their disapproval. After the hearing, the board granted the petition for inclusion and sought approval of its order in circuit court. *Id.* The circuit court approved the inclusion of the land and the objectors appealed. *Id.* at 80–81. On appeal, the fire district raised the issue whether the objectors could properly seek review by an appeals court. *Id.* at 81. The Eastern District determined that although Chapter 321 does not contain a reference concerning appeals from the circuit court's decision, lack of such a reference did not preclude review. *Id.* at 81. The court in *Eureka* stated, "[c]hapter 536, for example, contains no provision for appeals from the circuit court to this court, yet this court routinely reviews such cases." *Id.*

Whether or not Tipton Fire District had a right to appeal the circuit court's order excluding the land at issue, Tipton Fire District's right to appeal under § 512.020, RSMo 1994, was extinguished by failure to file a notice of appeal, Rule 81.04, and the circuit court's order became final thirty days after its entry. Rule 81.05. As such, the August 25, 1998 order of the Circuit Court of Moniteau County excluding the property in dispute was final, extinguishing the Tipton Fire District's first in time priority under the doctrine of prior jurisdiction.

Therefore, after the Fortuna Fire District filed its petition on September 18, 1998, including the property in dispute, its right to the property became first in time. The Fortuna Fire District also successfully finished the process to make the land in dispute a part of the Fortuna Fire District.

The judgment of the circuit court finding that the land at issue could not be the proper subject of an annexation into the Tipton Fire District is affirmed.

All concur.